# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 113

APRIL TERM, A.D. 2013

September 27, 2013

IN THE MATTER OF THE
ATTORNEY'S FEES AND COSTS IN
THE TERMINATION OF PARENTAL
RIGHTS TO:   KMO, DMO, CMO, AKO,
DKO, MTO, ABO, EEO, and JBO, Minor
Children,

DONALD LEE TOLIN, Attorney for
HJO, Natural Mother,

Appellant
(Respondent),

v.

STATE OF WYOMING, DEPARTMENT
OF FAMILY SERVICES,

Appellee
(Petitioner).

S-13-0054

*Appeal from the District Court of Natrona County*
*The Honorable John C. Brackley, Judge*

*Representing Appellant:*
>    Donald Lee Tolin, Law Offices of Donald Tolin, Casper, WY.

*Representing Appellee:*
>    Gregory A. Phillips, Wyoming Attorney General; Robin Sessions Cooley, Deputy
>    Attorney General; and Jill E. Kucera, Senior Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Attorney Donald Tolin challenges an order awarding him a substantially reduced fee in a termination of parental rights case.  Finding no abuse of discretion, we affirm the district court.

## ISSUE

[¶2]    Tolin states his single issue as follows:

> Whether or not the district court's order cutting attorney's fees for indigent mother's attorney from $121,530.00 to $25,000.00 was an abuse of discretion, arbitrary, and capricious.

## FACTS

[¶3]    The underlying facts of this case are presented in *HJO v. State (In re KMO)*, 2012 WY 99, 280 P.3d 1203 (Wyo. 2012) (*KMO I*) and need not be repeated here.  However, parts of the procedural history leading up to this appeal are new and thus need mention.

[¶4]    In *KMO I*, this Court affirmed the district court's order terminating mother's parental rights.  After *KMO I* was published, Mr. Tolin filed a fee motion with this Court for his time spent as mother's appointed attorney on appeal.  This Court reduced the request by one-third.

[¶5]    Meanwhile, father's attorney filed a motion for attorney's fees in May of 2012, almost one year after the underlying trial.  The court eventually requested a fee motion from Mr. Tolin as well and on December 21, 2012, he filed his fee motion and requested $121,530.00 in fees and $3,468.84 in costs.  Mr. Tolin billed at the rate of $100/hour but his motion stated that his hourly rate would increase to $200/hour if the Department of Family Services (DFS) objected to the payment of the fees.[1]

[¶6]    On January 30, 2013, the district court entered an order awarding Mr. Tolin attorney's fees in the amount of $25,000.00, and $3,468.84 in costs.[2]  The court noted in its order that it could not "in good conscience, approve the requests for fees."  A section

---

[1]  This Court is generally offended by the nature of Mr. Tolin's attempt to intimidate the DFS to pay "or else" suffer the consequences of a fee increase.  We query whether this behavior calls into question the Wyoming Rules of Professional Conduct Rule 1.5 "Fees."

[2]  The district court order was entered five days after this Court published *Tolin v. State (In re NRF)*, 2013 WY 9, 294 P.3d 879 (Wyo. 2013).  There, this Court affirmed an order reducing by half Mr. Tolin's fee ($48,717.00 to $24,358.50) in a separate termination of parental rights case.

1

of the order entitled "Examples of Problems with Fee Request" details the court's concerns:

1. The claim for fees in the amount of $121,530.00 is about five times higher than previously observed requests.
2. The amount of hours claimed per day appear overstated, and, even if accurate, an attorney cannot maintain an appropriate level of function with so few breaks.
3. The amount of pleadings generated by Mr. Tolin was mind boggling. Much of the "paperwork" was redundant. Suffice it to say, the amount of pleadings far exceeded what was necessary to adequately preserve a good record.
4. During trial Mr. Tolin was cautioned several times about redundant and/or irrelevant witness questions.
5. Mr. Tolin claims more than two times the amount of hours claimed by the Department's lead counsel (who had little participation in the juvenile court case).
6. On page 77 of his request for fees Tolin writes: "…Rate will revert to $200.00/hour if bill is contested in Court…" (Compare cases discussing ethical problems in sending a bill threatening interest on unpaid balance when there was no written fee agreement allowing same.)
7. There is little or no write off of items that proved to be unproductive and redundant.
8. Mr. Tolin's affidavit in support of fees filed December 28, 2012, states that "…payment of fees has been delayed significantly …". As noted above, he did not even file a request for fees until the Court imposed a deadline for same. Any "delay" is his own making.
9. Recently the Wyoming Attorney General announced a job opening for an attorney to work with the Department of Family Services. The qualifications adequate for the position are similar to the qualifications to serve as a parent attorney in this case. The A.G. salary range is $4,583 - $6,917 per month ($54,996.00 - $83,004.00 per year). The taxpayers of Wyoming would not understand why the State should pay contract services in excess of a year's salary for one case that should have taken less than two months of work.

This appeal followed.

**STANDARD OF REVIEW**

2

[¶7]   We review a district court's decision regarding the award of attorney's fees and costs for abuse of discretion.  A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances.  The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion. *Grommet v. Newman*, 2009 WY 150, ¶ 61, 220 P.3d 795, 817 (Wyo. 2009).

## DISCUSSION

[¶8]   In his only issue Mr. Tolin argues that the district court abused its discretion in cutting his requested fees from $121,530.00 to $25,000.00.  He points this Court to Wyo. Stat. Ann. § 14-2-318, which he contends provides a basis for the award and requires the State to pay.  He also cites the federal lodestar test in support of his argument and submits that his motion, affidavit, and traverse establish the absolute reasonableness of his fee request.  In response the DFS argues generally that the district court did not abuse its discretion when it reduced Mr. Tolin's requested fee to $25,000.00.  DFS asserts that Mr. Tolin fails to carry his burden to prove that his fee request was reasonable.

[¶9]   In determining the reasonableness of the fees requested, we have stated that

> a trial court must follow the federal lodestar test, which requires a determination of "(1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward."  *Weiss*, ¶ 8, 217 P.3d at 410-411 (quoting *Forshee*, ¶ 7, 118 P.3d at 448).  Additionally, even if fees are provided by a valid contractual provision, "a trial court has the discretion to exercise its equitable control to allow only such sum as is reasonable or the court may properly disallow attorney's fees altogether on the basis that such recovery would be inequitable."  *Dewey v. Wentland*, 2002 WY 2, ¶ 50, 38 P.3d 402, 420 (Wyo. 2002).

*Thorkildsen v. Belden*, 2012 WY 8, ¶ 10, 269 P.3d 421, 424 (Wyo. 2012).  The district court based its decision on Mr. Tolin's hourly rate of $100/hour and in their appellate briefs the parties do not assert that the hourly rate is an issue.  In any case, Mr. Tolin does not meet his burden of providing proof of the reasonableness of his original fees under the federal lodestar test.  First, there is little to no detail in his appellate argument as to the first factor regarding whether the fee charged represents the product of reasonable hours times a reasonable rate.  Second, and more importantly, it is in looking to the test's second factor – allowing the district court discretion to determine whether other factors

3

should be considered to adjust the fee either upward or downward – upon which we base our decision.

[¶10] We remind Mr. Tolin that our standard on appeal is abuse of discretion which means that to overturn a district court's decision and actually find that it abused its discretion this Court must find that the decision was wholly unsupported by the evidence, illegal, or clearly incorrect. That is not the case in this instance. In addition to the factors previously noted that the district court listed as reasons for concern, the court also stated that the "claim for fees in the amount of $121,530.00 is about five times higher than previously observed requests" and that it "cannot recall an individual request for fees exceeding the award in [*Tolin v. State (In re NRF)*, 2013 WY 9, 294 P.3d 879 (Wyo. 2013)]." The court further indicated the termination case was not the first it had presided over and in its experience most requests for fees were substantially less than the $24,358.50 awarded on appeal in the *In re NRF* case.

[¶11] As in *Tolin v. State (In re NRF)*, 2013 WY 9, 294 P.3d 879 (Wyo. 2013) the gist of Mr. Tolin's argument in the present case seems to be that "the district court should have accepted his evidentiary submissions (including his bill records) at face value and awarded his fee application in the full amount." *Id.*, ¶ 9, 294 P.3d at 883. We further stated in *In re NRF*,

> the [district] court's discretion in fashioning a fee award "is by no means shackled by" the attorney's billing records; "it is the court's prerogative (indeed, its duty) to winnow out excessive hours." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 296 (1st Cir. 2001). The district court has the obligation to peruse the fee application with an experienced eye. *Foley v. City of Lowell, Mass.*, 948 F.2d 10, 19 (1st Cir. 1991). We agree with the federal courts from which we adopted the lodestar test, *UNC Teton Exploration Drilling Inc. v. Peyton*, 774 P.2d 584, 594-95 (Wyo. 1989), that "[b]illing for legal services … should not be a merely mechanical exercise. … [T]he Court must scrutinize the claim with particular care. … A reasonable fee can only be fixed by the exercise of judgment." *Copeland v. Marshall*, 641 F.2d 880, 888 (D.C. Cir. 1980). This is particularly true where the fee is sought from a public agency like DFS that has the ability to pay with legislatively authorized funds. *Id*.

*Id.* Here, we agree with the district court's assessment of the fee request. It was not a "merely mechanical exercise" by the district court when it reduced Mr. Tolin's fee. In addition to its other comments, the court noted its concern about the "amount of pleadings generated by Mr. Tolin," calling them "redundant" and excessive over what

4

was "necessary to provide a good record." The court also found issue with the sheer number of hours billed on daily basis by Mr. Tolin. *Id.* We noted those same concerns in *In re NRF*, ¶ 18, 294 P.3d at 887.

[¶12] Beyond Mr. Tolin's general assertions, he makes no cogent argument regarding exactly how the district court abused its discretion. Though he cites to the multitudinous pleadings he filed below, he fails to connect any of those pleadings to how the decision of the district court was an abuse of its discretion. He provides no evidence demonstrating that the fee reduction was unreasonable. *Hinckley v. Hinckley*, 812 P.2d 907, 915 (Wyo. 1991).

## CONCLUSION

[¶13] We affirm the district court's fee reduction in this case.