# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 120

APRIL TERM, A.D. 2020

September 14, 2020

BRADLEY L. JENKINS,

Appellant
(Plaintiff),

v.

S-20-0037

JONNIE M. JENKINS,

Appellee
(Defendant).

*Appeal from the District Court of Albany County*
*The Honorable Tori R.A. Kricken, Judge*

*Representing Appellant:*

> *Bradley Jenkins, pro se.*

*Representing Appellee:*

> *Jonnie Jenkins, pro se.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    The district court found Bradley Jenkins in contempt for failing to follow the terms of its stipulated divorce decree and entered judgment against him.  He appeals, and we affirm in part and remand to the district court to clarify its order as it pertains to refinancing the marital home.

## *ISSUES*

[¶2]    We rephrase and consolidate the issues:

> I.  Did the district court err by requiring Bradley Jenkins to release all judgment liens on the title to the marital home and assume the second mortgage?

> II.  Did the district court improperly modify the divorce decree by ordering Bradley Jenkins to assume responsibility for refinancing the marital home?

## *FACTS*

[¶3]    Bradley and Jonnie Jenkins divorced in 2017.[1]  The divorce decree awarded the marital home to Jonnie and required her to refinance it within 180 days and pay Bradley his share of the equity.  Bradley received the family businesses and their accompanying debt and was required to indemnify Jonnie and hold her harmless in relation to those debts.  Jonnie did not refinance the home within the 180-day timeframe and, shortly thereafter, Bradley's businesses failed.  Numerous liens attached to the marital home, and Jonnie was unable to obtain refinancing.

[¶4]    Jonnie filed a motion for order to show cause, asking the district court to hold Bradley in contempt for failing to comply with the divorce decree.  Bradley responded and alleged Jonnie was in contempt for failing to pay Bradley his share of the equity in the marital home.  After an unreported hearing, the district court held Jonnie in contempt for failing to pay Bradley his share of the home equity and held Bradley in contempt for failing to pay the business debts and for not indemnifying Jonnie in relation to those debts.  The district court ordered Bradley to indemnify and hold Jonnie harmless in several creditor actions; make consistent and reasonable efforts to release all liens on the marital home; inquire about refinancing the marital home annually and provide proof of the efforts to the court; enter and defend the creditor lawsuits filed against the parties; pay Jonnie's attorneys' fees and costs; and reimburse her for the continued garnishment of

---

[1] Because the parties share the same last name, we refer to them by their first names.

her wages because of the business debts less his share of the equity in the family home. Bradley appealed.

## STANDARD OF REVIEW

[¶5]   District courts have the inherent power to punish contempt, and we will not disturb a contempt order in a domestic relations case absent a "serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion." *Breen v. Black*, 2020 WY 94, ¶ 8, 467 P.3d 1023, 1026 (Wyo. 2020) (quoting *Roberts v. Locke*, 2013 WY 73, ¶ 14, 304 P.3d 116, 120 (Wyo. 2013)).  Our review requires us to determine whether the district court could reasonably conclude as it did.  *Fowles v. Fowles*, 2017 WY 112, ¶ 14, 402 P.3d 405, 410 (Wyo. 2017).

## DISCUSSION

[¶6]   Each party had to prove by clear and convincing evidence that there was "1) an effective court order that required certain conduct by the alleged contemnor; 2) the contemnor had knowledge of the order; and 3) the alleged contemnor disobeyed the order." *McAdam v. McAdam*, 2014 WY 123, ¶ 14, 335 P.3d 466, 470 (Wyo. 2014).  If the party alleging contempt proves those elements, the burden shifts to the other party to demonstrate why he or she could not comply.  *Id.*  Bradley does not argue that any one of these elements is lacking; instead, he seems to contend that the district court exceeded its authority when it ordered him to take certain actions in its contempt order.  However, "district courts have continuing jurisdiction to enforce the provisions of the original divorce decree and contempt proceedings are the appropriate mechanism for doing so." *Id.* at ¶¶ 13, 19, 335 P.3d at 470-71 (finding both parties in contempt and modifying the division of property in the divorce decree to require the parties to split the mortgage until the house was sold).  Our review is made more difficult because the hearing below was not reported, and the record is incomplete.  It is the appellant's responsibility to provide this Court with an "adequate record to allow us to review district court decisions for an abuse of discretion. . . . 'When no transcript or any other proper substitute record of the facts of a case is included in the record on appeal, we presume that there were no irregularities in the district court's judgment.'" *Walker v. Walker*, 2013 WY 132, ¶ 26, 311 P.3d 170, 176 (Wyo. 2013) (quoting *Roberts*, 2013 WY 73, ¶ 27, 304 P.3d at 122).

## I.    *The district court did not err by requiring Bradley Jenkins to release all judgment liens on the marital property and assume responsibility for the second mortgage*

[¶7]   Bradley argues that the district court erred by requiring him to make reasonable and consistent efforts to release the liens on the marital home.  He asserts Jonnie was required by the decree to refinance the home within 180 days; and, if she had done so, his business liens would not have attached to it.  The record shows numerous state and

federal tax liens attached to the house under Bradley's name and at least three judgment liens attached because of business defaults. The district court found that the liens attached to the marital home because Bradley did not pay his business debts, and he did not indemnify and hold Jonnie harmless in the creditor actions as required by the stipulated divorce decree. The district court found him in contempt for not abiding by the terms of the stipulated divorce decree. Although Jonnie might have avoided some of the liens if she had timely refinanced the home, that does not absolve Bradley of his contempt. The order fashioned a reasonable remedy by ordering him to release the liens on the marital home. The district court acted within its contempt power and did not abuse its discretion.

[¶8]   Bradley next argues that the district court erred by requiring him to assume responsibility for the second mortgage on the marital home. Jonnie asserts that the second mortgage is a business debt that was personally guaranteed by a mortgage on the home and is therefore Bradley's responsibility.[2] Bradley does not identify where, in the district court's order or in the record, there is support for his assertion he has been ordered to pay a "second mortgage." While pro se litigants are entitled to "some leniency from the stringent standards applied to formal pleadings drafted by attorneys," Bradley was still responsible for providing this Court with a sufficient record to review for an abuse of discretion and, on this issue, he has not. *Shipley v. Smith*, 2020 WY 26, ¶ 16, 458 P.3d 852, 857 (Wyo. 2020) (quoting *Byrnes v. Harper*, 2019 WY 20, ¶ 3, 435 P.3d 364, 366 (Wyo. 2019)). Thus, we assume there are no irregularities in the district court's judgment, *Walker*, 2013 WY 132, ¶ 26, 311 P.3d at 176, and we find no abuse of discretion in the district court's order.

## II.   *It is unclear whether the district court intended to impose the refinancing obligation on Bradley*

[¶9]   Finally, Bradley argues that the district court improperly modified the divorce decree by requiring him to assume responsibility for refinancing the house. The contempt order stated: "Plaintiff [Bradley] shall call refinancers annually to inquire about refinancing the marital home and he shall provide written proof of said efforts to the Court and Defendant." Jonnie does not dispute this position, but contends that the district court inadvertently switched the parties and intended that she retain responsibility for refinancing the marital home.

[¶10] Although the parties seem to agree this provision is the result of a typographical error, only the district court can make that correction. Thus, we remand for clarification regarding which party is obligated to obtain refinancing for the marital home. *See*

---

[2] Jonnie attached the mortgage documents to her brief. However, these documents do not appear in the record and, therefore, we do not consider them.

*generally Black Diamond Energy of Delaware, Inc. v. Wyo. Oil & Gas Conservation Comm'n*, 2020 WY 45, ¶ 54, 460 P.3d 740, 755 (Wyo. 2020) (affirming and remanding to clarify).

### *CONCLUSION*

[¶11]  We affirm the district court's order and judgment on contempt requiring Bradley to make reasonable and consistent efforts to release the liens on the marital property and to assume the second mortgage on the home.  We remand to the district court to clarify whether Bradley or Jonnie is responsible for refinancing the marital home.