# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 7

OCTOBER TERM, A.D. 2023

January 19, 2024

RACHEL E. BENNETT,

Appellant
(Defendant),

v.

S-23-0115

MATTHEW J. BENNETT,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
    *Cassie Craven, Longhorn Law Limited Liability Company, Cheyenne, Wyoming.*

*Representing Appellee:*
    *Toni E. Hartzel, Lance & Hall LLP, Cheyenne, Wyoming.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    The district court found Rachel E. Bennett (Mother) in contempt for failing to follow the terms of its Order Modifying Decree of Divorce and entered judgment against her. She appeals, and we affirm.

## *ISSUE*

[¶2]    Mother presented two issues on appeal, which we consolidate as one:

> 1.  Did the district court err when it found Mother in contempt?

## *FACTS*

[¶3]    Matthew J. (Father) and Rachel E. (Mother) Bennett divorced in 2013. The 2018 Stipulated Order Modifying Stipulated Decree of Divorce (Decree) awarded Father primary physical custody of their two minor children, and the parties were to share joint legal custody. The Decree contained other provisions relevant to this appeal. First, the parents were required to split the payments evenly for any uninsured medical expenses. Second, the parents were to follow all medical directives pertaining to the children. Third, the parents were to seek each other's advice and consent prior to any non-emergency decision regarding the children's health, education, or welfare.

[¶4]    In 2022, Father filed a motion for order to show cause, asking the district court to order Mother to appear and show cause why the court should not hold her in contempt for failing to comply with the three Decree provisions listed above, among others.[1] At the order to show cause hearing, the district court issued an oral ruling finding Mother in contempt, which was followed by a written order. The district court entered judgment for the unpaid medical bills of $4,652.07 and awarded Father attorney fees. Mother appeals the district court's judgment and order finding her in contempt for failing to pay her share of uninsured medical bills; to follow medical directives; and to seek Father's advice and consent before reengaging the children in counseling.[2]

---

[1] Father also claimed Mother: (1) failed to nurture love and respect for him; (2) disparaged him to the children; (3) failed to train the children to obey and respect their teachers and the law; (4) failed to personally supervise one of the children; (5) engaged in obscenities in front of the children; (6) intruded upon his privacy and falsely made or implied mean statements about him; and (7) vilified him, all in violation of the Decree.

[2] The district court also found Mother in contempt of the Decree's civility provisions because she sent Father inappropriate text messages, she accused Father of poaching in front of one of the children, and she made derogatory statements about him to a third party. Mother does not appeal those contempt findings. The district court did not find her in contempt for lack of supervision or for failing to train the children to obey and respect their teachers and the law.

1

## STANDARD OF REVIEW

[¶5]   "District courts have the inherent power to punish contempt, and we will not disturb a contempt order in a domestic relations case absent a 'serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion.'" *Heimer v. Heimer*, 2021 WY 97, ¶ 31, 494 P.3d 472, 481 (Wyo. 2021) (quoting *Breen v. Black*, 2020 WY 94, ¶ 8, 467 P.3d 1023, 1026 (Wyo. 2020)); *Jenkins v. Jenkins*, 2020 WY 120, ¶ 5, 472 P.3d 370, 372 (Wyo. 2020). "In reviewing how the district court exercised its broad discretion under its contempt power, our task is to determine whether the court could reasonably conclude as it did." *Burrow v. Sieler*, 2021 WY 120, ¶ 14, 497 P.3d 921, 925 (Wyo. 2021) (citing *Heimer*, 2021 WY 97, ¶ 31, 494 P.3d at 481).

[¶6]   We give deference to the district court's factual findings and "will overturn them only upon a finding that they are clearly erroneous." *Lew v. Lew*, 2019 WY 99, ¶ 8, 449 P.3d 683, 686 (Wyo. 2019) (citing *Walters v. Walters*, 2011 WY 41, ¶ 18, 249 P.3d 214, 227 (Wyo. 2011)). "Factual findings are clearly erroneous when, although they have evidentiary support, we are left with the definite and firm conviction upon review of the entire evidence that the district court made a mistake." *Id.* (quoting *Walters,* 2011 WY 41, ¶ 18, 249 P.3d at 227.)

## DISCUSSION

[¶7]   In *Heimer*, we said:

> To establish civil contempt, the plaintiff must show by clear and convincing evidence that: 1) there was an effective court order requiring certain conduct by the alleged contemnor; 2) the contemnor had knowledge of the order; and 3) the alleged contemnor willfully disobeyed the order. In order to find a willful violation, the order violated must be clear, specific and unambiguous.
>
> A civil contempt order must be supported by clear and convincing evidence. Clear and convincing evidence is evidence that would persuade a finder of fact that the truth of the contention is highly probable. Once the elements of contempt are proven, the burden then shifts to the person charged with contempt to show he or she was unable to comply.

*Heimer*, 2021 WY 97, ¶ 15, 494 P.3d at 477 (quoting *Breen*, 2020 WY 94, ¶¶ 11-12, 467 P.3d at 1027). "Using this framework, we consider the district court's contempt findings." *JLK v. MAB*, 2016 WY 73, ¶ 22, 375 P.3d 1108, 1113 (Wyo. 2016).

# I. The district court did not err when it found Mother in contempt.

## A. The district court did not err in finding Mother failed to pay her share of the uninsured medical expenses.

[¶8]    Mother contends the district court erred when it found her in contempt for failing to pay her share of the uninsured medical expenses. We disagree. The Decree lists the relevant requirements for the parents; Father and Mother "shall share the responsibility equally for paying any uninsured medical, dental, orthodontic, optometric, ophthalmologic, mental health and all similar or related expenses incurred by the minor child." Additionally, "[t]he parent incurring uninsured medical expenses for the minor child shall submit the bills for said expenses . . . to the other parent no later than thirty (30) days of receiving such bills[,]" and "[t]he other parent shall promptly remit payment for such expenses no later than thirty (30) days after being presented with a bill for such services[.]"

[¶9]    Father and Mother both testified at the order to show cause hearing. Mother claimed she did not have enough information to comply with the Decree. She testified she had seen and opened the bills from Father, had the funds and resources available to make payments, but she did not because she did not know the terms of Father's health insurance policy and the amounts not covered by insurance. Father's Exhibit 1, admitted into evidence without objection, contained his spreadsheet tracking the total amount of uninsured medical expenses for the children and the half Mother owed. Exhibit 1 also contained copies of the bills and evidence Father had sent the bills to Mother. He testified a copy of his insurance policy was on file with the court, he had given the Explanation of Benefits to Mother directly five times, and he had not received a payment for two and a half years.

[¶10]  The district court found:

> I think that [Father] has clearly established that the mother has not paid her half share of the unpaid medical expenses. There is a clear provision . . . that puts the burden on [Mother] to pay one-half of all uncovered medical expenses of the children once she has been provided with the evidence, the bills and the expenses.
>
> I do find that [Father] did establish that he provided the medical bills and expenses to his ex-wife. Exhibit 1 is very complete. And there is certainly evidence that [Mother] was provided with the medical bills and records showing she did have an obligation to pay half of those bills. I do find that her failure to pay was willful.

. . .

> I don't buy her explanation that she did not have enough information under the policy to pay the bills. I find [Father's] testimony more credible, that he had provided her with explanations and information, and that she just willfully refused to pay her share of those bills.

[¶11]   Upon review, we find the district court did not err. Mother did not argue below the order was ambiguous and the conduct required of her was uncertain, so those arguments are waived. *Fowles v. Fowles*, 2017 WY 112, ¶ 28, 402 P.3d 405, 411 (Wyo. 2017) ("We generally do not consider arguments on appeal that were not presented to the district court.") (citing *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016)). We also reject Mother's argument the district court improperly shifted the burden to her under *Breen v. Black*. In its oral ruling, the district court acknowledged *Breen*:

> The *Breen v. Black* case that I've cited is an interesting case, somewhat similar set of facts where a father was alleging that the mother had not paid her half share of the medical expenses. The court in that particular case found that the father had failed to meet his burden because he hadn't brought forth the medical bills and hadn't sufficiently explained by clear and convincing evidence that he had paid those bills.

> Here, in contrast, I think the Plaintiff, the father, has met that burden. He has shown that he paid those bills and did provide the bills to [Mother] to pay. She did not pay those bills.

[¶12]   The district court correctly interpreted and applied *Breen*. Father submitted evidence showing he provided the bills to Mother and she had not paid her portion. The district court properly shifted the burden to Mother to prove payment, and she did not. Further, the district court found Father's testimony more credible, and "[o]ur rule is that the credibility of witnesses, the weight of the evidence, and conflicts in the evidence must be resolved by the finder of fact." *JLK*, 2016 WY 73, ¶ 28, 375 P.3d at 1114 (quoting *McAdam v. McAdam*, 2014 WY 123, ¶ 26, 335 P.3d 466, 472 (Wyo. 2014)). "Giving these weight and credibility determinations their due deference, we can find no abuse of discretion[.]" *Id.* The district court did not err.

**B. The district court did not err in finding Mother failed to follow medical directives regarding their oldest child.**

[¶13]  Next, Mother contends the district court erred when it held Mother in contempt for failing to follow medical directives for the parents' oldest child. The Decree provided: "all medical directives pertaining to the minor children must be followed th[r]ough."

[¶14]  At the order to show cause hearing, Father testified their oldest son was diagnosed with constipation. Two doctors gave directives for a treatment plan that called for the child to take MiraLAX and Ex-Lax daily. Mother did not follow through on this directive regularly, which required the regimen to be "reset" instead of keeping it at the daily maintenance phase. Mother presented conflicting testimony, claiming she always followed the doctors' recommendations; however, she also stated: "I won't give my son Ex-Lax every day."

[¶15]  In its oral ruling, the district court stated:

> I also find that she is in contempt for failing to follow medical directives that have been provided to her by the doctors with respect to having her oldest child, who suffers from a constipation issue, take the medication that is required to take, the MiraLAX and the Ex-Lax. Medical records have established that they – that the son had a daily regimen which required him to take that.
>
> And by her own testimony, [Mother] does not believe that the Ex-Lax should be given, and where the doctors have stated that it should be given to the child. So I find that she is in contempt for failing to follow the medical directives.

[¶16]  On appeal, Mother claims the order and medical directives were unclear and the district court violated her rights to parent and make health care decisions for her child under the Wyoming Constitution. Mother did not raise these arguments below, and although this Court can consider jurisdictional or issues of a fundamental nature for the first time on appeal, "[t]he fact that an issue touches on constitutional principles does not necessarily make it so fundamental the waiver rule does not apply." *Snyder v. Snyder*, 2021 WY 115, ¶ 26, 496 P.3d 1255, 1261 (Wyo. 2021) (citing *Gjertsen v. Haar*, 2015 WY 56, ¶ 15, 347 P.3d 1117, 1123 (Wyo. 2015)) (finding appellant's constitutional claims waived as he made "no effort to demonstrate why his argument was not waived and deserves consideration on appeal even though he did not raise it below"). Further, Mother did not demonstrate why her arguments are not waived or merit consideration on appeal. Therefore this Court will not address these arguments.

[¶17]   Based on the testimony presented by the parties at the order to show cause hearing, the district court could reasonably conclude as it did. We therefore find no abuse of discretion.

**C.      The district court did not err in finding Mother failed to seek Father's advice and consent before reengaging the children in counseling.**

[¶18]   Mother argues the district court erred when it found her in contempt for failing to consult Father before reengaging the children in counseling. The Decree provided:

> c. The parties shall consult with each other with respect to necessary and/or elective medical procedures, whenever possible and shall advise each other at all times of any issues affecting the welfare of the children[.]
>
> d. The parties shall, to the extent possible or practicable, seek each other's advice and consent prior to any non-emergency decision concerning the minor children's health, education or welfare[.]

[¶19]   Father testified both children had seen a licensed professional counselor in the past, but he thought counseling had ended when the counselor retired. Father later learned Mother had retained the same counselor to make home visits while the children visited Mother. Father testified he was not consulted about their children reengaging in counseling. Mother testified she reengaged the counselor for the children and stated: "I didn't tell [Father] specifically, but I didn't tell the boys it was a secret. . . . I thought if I was paying for it, I could do that."

[¶20]   The district court found Mother violated the consultation provisions:

> It is concerning to the court that in October of 2021 the evidence shows that [Mother] did decide on her own that she wanted to reengage the services of [counselor]. She did not discuss that decision or did not discuss that decision with [Father] before she did it.
>
> [Father], the court notes, is the final decision-maker with respect to medical decisions for the children and was entitled to be advised and consulted before [Mother] unilaterally decided on her own to reengage the services of [counselor]. So I find her in contempt[.]

6

[¶21]   The Decree did not make the consultation requirement contingent on who paid for the children's treatment or services, so Mother was not excused from the requirement because she paid the counselor directly. The testimony of both parties showed Mother did not seek Father's advice and consent before reengaging the boys in counseling, and the district court did not abuse its discretion in holding Mother in contempt for that violation. Like her constitutional claims described above, Mother's additional argument that this contempt finding violates her constitutional right to parent and make medical decisions for her children is waived because she did not raise it below.

## *CONCLUSION*

[¶22]   The district court did not err when it held Mother in contempt, and we affirm the district court's judgment and order.