2009 WY 21

**Ronnie L. COOK, Appellant (Defendant),**

v.

**Daniel L. SWIRES, Appellee (Plaintiff).**

No. S–08–0075.

Supreme Court of Wyoming.

Feb. 19, 2009.

Representing Appellant: William D. Bagley, Frontier Law Center, Cheyenne, Wyoming.

Representing Appellee: M. Gregory Weisz, Pence and MacMillan, LLC, Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] The district court confirmed the execution sale of Mr. Cook's Albany County real property to satisfy two Colorado judgments. On appeal, Mr. Cook claims that the filing of the foreign judgments was insufficient pursuant to the Uniform Enforcement of Foreign Judgments Act, the property was not available for execution, the district court did not allow him the proper redemption period and he is entitled to seek contribution from his co-judgment debtors, including Mr. Swires. Mr. Swires contests Mr. Cook's assertions and also argues that the Court does not have subject matter jurisdiction to consider the sufficiency of the foreign judgments filing because Mr. Cook did not appeal an earlier district court ruling on the issue. We conclude that we do not have jurisdiction over Mr. Cook's claim that the foreign judg-

ments were improperly filed, but affirm as to the remainder of the issues.

## ISSUES

[¶ 2] Mr. Cook presents the following issues on appeal:

1. Was the incorrect filing of the Colorado judgment in Wyoming sufficient to support Wyoming enforcement?
2. Was the property still available for execution after the debt was discharged in bankruptcy and the foreign judgment lien filed February 2, 2000 expired because of the one year limitation in Wyo. Stat. Ann. § 1–17–336?
3. Had the judgment been properly entered and had the enforcement been timely, was Ronnie L. Cook entitled to a twelve month period for redemption?
4. Is Ronnie L. Cook entitled to contribution from the plaintiff and his wife Susan Swires who are also judgment debtors in the assigned Colorado judgment?

Mr. Swires presents similar issues but also raises two additional issues:

1. Does the Court have subject matter jurisdiction to hear Appellant Cook's appeal as to a challenge of the execution sale based on the alleged invalidity of the underlying judgment when Cook failed to take a timely appeal of an appealable district court order?
2. Does Cook, who filed for bankruptcy protection, have standing to pursue contribution against Appellee Swires when Swires also had an allowed unsecured claim in Cook's bankruptcy?

## FACTS

[¶ 3] Mr. Cook and Mr. Swires were the sole members of a Wyoming limited liability company called Adventure Stone, LLC. John Claus loaned funds to the limited liability company and payment of the loan was guarantied by Mr. Cook, Mr. Swires and his wife Susan Swires. The company defaulted on the loan and Mr. Claus brought an action in Colorado against the company and the guarantors. On December 14, 1999, a Colorado court entered a default judgment against Mr. and Mrs. Swires and the company. Shortly thereafter, the same court entered a summary judgment against Mr. Cook concluding it was undisputed that the company had defaulted on its debt to Mr. Claus and Mr. Cook had guaranteed payment. The two judgments indicated the defendants were jointly and severally liable.

[¶ 4] In early 2000, Mr. Claus filed both Colorado judgments in Albany County pursuant to the Uniform Enforcement of Foreign Judgments Act, Wyo. Stat. Ann. §§ 1–17–701 through 1–17–707 (LexisNexis 2007) (UEFJA). The filings were identified as F.J. 357 by the district court. Mr. Claus also recorded the judgments in the county clerk's office to attach real property belonging to Mr. Cook.

[¶ 5] In July 2001, Mr. Claus assigned his judgments to Mr. Swires. On November 9, 2001, Mr. Swires applied for and obtained a writ of execution. A few days later, Mr. Cook declared bankruptcy. Mr. Swires' claim based upon the assigned judgments was considered to be a secured claim by the bankruptcy court because of the 2000 filing of the judgments in Albany County. The bankruptcy court ruled that Mr. Cook's real property remained subject to a mortgage and Mr. Swires' judgments.

[¶ 6] Mr. Swires filed the instant action in the district court to foreclose the judgments. He named Mr. Cook, the limited liability company and the mortgage holder as defendants. Mr. Cook answered the complaint and filed a cross-claim against the company on the basis that it was the primary obligor on the debt. He also filed a counter claim against Mr. Swires and a third-party complaint against Mrs. Swires seeking an offset from them as co-judgment debtors.

[¶ 7] On February 28, 2005, Mr. Cook filed a motion to dismiss Mr. Swires' complaint. He claimed Mr. Claus had not properly filed the underlying judgments pursuant to the UEFJA because he failed to file an affidavit setting forth the names and last known addresses of the judgment creditor and the judgment debtors as required by

Wyo. Stat. Ann. § 1–17–704.[1] Mr. Swires responded that Mr. Claus had otherwise complied with the statute by filing a certificate of mailing. In May 2005, the district court denied Mr. Cook's motion to dismiss.

[¶ 8] In the summer of 2007, Mr. Swires obtained writs of execution against the limited liability company's and Mr. Cook's property. Mr. Cook filed a petition for injunction to stop the execution against his property. He again argued that the filing of the Colorado judgments was invalid for failure to file an affidavit with the names and addresses of the parties. The district court denied Mr. Cook's request for an injunction.

[¶ 9] The sheriff held an execution sale on October 17, 2007. Mr. Cook challenged the sale, claiming that the execution was improper under Wyo. Stat. Ann. § 1–17–336 (Lexis-Nexis 2007) because the judgment lien expired when it was not levied upon within one year after the foreign judgments were entered. Mr. Swires responded and requested issuance of a sheriff's deed. Mr. Cook claimed that he had one year in which to redeem the property. The district court concluded that Mr. Cook's property was available for execution and he was entitled to a three month redemption period. Because he had not redeemed the property during the redemption period, the district court granted Mr. Swires' request for a sheriff's deed. Mr. Cook appealed from the order denying his motion to dismiss, the order denying his petition for an injunction and the order granting Mr. Swires a sheriff's deed.

## DISCUSSION

### 1. Jurisdiction

 [¶ 10] We start with Mr. Swires' claim that Mr. Cook did not file a timely notice of appeal of the district court's determination that the Colorado judgments were filed correctly under the UEFJA. The failure to file a timely notice of appeal from a final, appealable order deprives this Court of jurisdiction to hear the appeal. *Yeager v. Forbes,* 2003 WY 134, ¶ 14, 78 P.3d 241, 247 (Wyo.2003). *See also,* W.R.A.P. 1.03 and 2.01. Furthermore, when a party fails to timely appeal an appealable order, he cannot raise the issues decided in the order in a subsequent appeal. *See, e.g., Yeager,* ¶ 14, 78 P.3d at 246–47; *Scott v. Sutphin,* 2005 WY 38, ¶ 3, 109 P.3d 520 (Wyo.2005). The existence of subject matter jurisdiction involves a question of law that may be raised at any time. *See, e.g., Routh v. State ex rel. Wyo. Workers' Comp. Div.,* 952 P.2d 1108, 1114 (Wyo.1998). Thus, if Mr. Swires' assertion is correct, we would not have jurisdiction to consider Mr. Cook's first issue.

 [¶ 11] Mr. Cook challenged the validity of Mr. Claus' filing of the underlying foreign judgments in his petition to enjoin the execution sale. Mr. Swires argues the district court's October 17, 2007, order denying Mr. Cook's petition for an injunction was appealable and, since he did not appeal within 30 days of entry of the order as required by W.R.A.P. 2.01, we do not have jurisdiction to decide whether Mr. Claus properly filed the foreign judgments. This Court ruled long ago that an order granting or refusing an injunction is a final appealable order as a petition for injunctive relief invokes a "special proceeding." *Anderson v. Englehart,* 18 Wyo. 196, 105 P. 571 (Wyo.1909). Presently, W.R.A.P. 1.05(b) defines an appealable order as including "an order affecting a substantial right made in a special proceeding." It follows, therefore, that the denial of Mr. Cook's petition for an injunction was appealable un-

---

1. Section 1–17–704 states:

 At the time of filing a foreign judgment, the judgment creditor or his attorney shall file with the clerk of court an affidavit setting forth the name and last known mailing address of the judgment debtor, and the judgment creditor. The clerk shall promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and mailing address of the judgment creditor and the judg-

 ment creditor's attorney, if any, in this state. The judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed. An execution or other process for enforcement of a foreign judgment shall not issue until five (5) days after the date the judgment is filed.

der Rule 1.05 and, since he did not appeal it within 30 days after entry, we do not have jurisdiction to consider the district court's ruling on the validity of the foreign judgment filing.

[¶ 12] Moreover, Mr. Swires argues that *Lurie v. Blackwell,* 2002 WY 110, 51 P.3d 846 (Wyo.2002) supports his argument that the district court's order denying Mr. Cook's petition for an injunction was appealable. In *Lurie,* the judgment debtor's wife filed a petition to quash execution against property she claimed belonged to the couple as tenants by the entirety. We considered her appeal from the district court's order denying the petition to quash. Although the issue was not raised there, we treated the denial of the petition to quash as a final appealable order. Id., ¶ 6, 51 P.3d at 848. *See also, Steffens v. Smith,* 477 P.2d 119 (Wyo.1970) and *Lawer Auto Supply Co. v. Teton Auto Co.,* 41 Wyo. 263, 284 P. 1001 (1930) (deciding appeals from denials of motions to quash writs of execution). Arguably, Mr. Cook's petition for an injunction to stop the execution sale was analogous to a motion to quash and the district court's denial was, consequently, a final appealable order. We conclude, therefore, the order denying the injunction was appealable, and, because Mr. Cook failed to file a timely notice of appeal from the district court's order, we do not have jurisdiction to review the district court's decision on the validity of Mr. Claus' filings under the UEFJA.

[¶ 13] What is more, the petition for injunctive relief was the second time the issue had been raised and decided in the district court. Earlier, Mr. Cook had filed a motion to dismiss the foreclosure complaint, arguing the 2000 filing of the judgments was inadequate because of Mr. Claus' failure to file an affidavit setting forth the judgment creditor's and debtors' names and last known addresses. The district court denied the motion to dismiss, ruling that Mr. Claus had substantially complied with the statute by filing the certificate of mailing.

[¶ 14] Typically, a denial of a motion to dismiss is not appealable. *See, e.g., Gooden v. State,* 711 P.2d 405 (Wyo.1985). However, in *Hill v. Value Recovery Group, L.P.,*

964 P.2d 1256 (Wyo.1998), this Court reviewed the district court's denial of the judgment debtor's motion to dismiss and set aside a foreign judgment. There was no argument or discussion in *Hill* indicating the court's order denying the motion to dismiss was not an appealable order. Thus, *Hill* indicates that such an order is appealable.

[¶ 15] Under the circumstances presented here, we conclude that Mr. Cook had ample opportunity to litigate the validity of Mr. Claus' filing of the Colorado judgments in his motion to dismiss and petition for an injunction. He did not appeal the district court's determination on that issue until after the execution sale. Because Mr. Cook failed on one and perhaps two occasions to timely appeal from a final appealable order deciding the issue, he lost his opportunity to do so. We conclude, therefore, that we do not have jurisdiction to consider his claim regarding the improper filing of the foreign judgments.

### 2. Expiration of Lien Under Section 1–17–336

[¶ 16] Mr. Cook claims that his real property was not available for execution by Mr. Swires because, pursuant to § 1–17–336, the judgment lien expired one year after Mr. Claus' 2000 filing of the Colorado judgments. Section 1–17–336 states:

A judgment on which execution is not levied before the expiration of one (1) year after its rendition shall not operate as a lien on the estate of a debtor. When judgment is rendered in the district or supreme court and a special mandate is awarded to the district court to carry the same into execution, the lien of the judgment creditor shall continue for one (1) year after the mandate is filed with the county clerk. The special mandate shall be entered on the journal of the district court before being filed with the county clerk. In computing the period of one (1) year, the time covered by an appeal of the case, by an injunction against the execution, by a vacancy in the office of sheriff or by the inability of the officer, shall be excluded.

[¶ 17] We interpret statutes to effectuate the legislature's intent. If the wording is clear and unambiguous, we give effect to the plain language of the statute. We apply rules of statutory construction only if the statutory language is ambiguous or subject to varying interpretations. Statutory interpretation is a question of law that we review *de novo*. *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 43, ¶¶ 9–10, 13, 154 P.3d 331, 334–35 (Wyo.2007); *Powder River Coal Co. v. Wyoming State Bd. of Equalization*, 2002 WY 5, ¶ 6, 38 P.3d 423, 426 (Wyo.2002). We discussed § 1–17–336 in *Dev–Tech Corp. v. Wilson, Miller, Barton & Peek, Inc.*, 2004 WY 163, ¶ 25, 102 P.3d 880, 887 (Wyo.2004):

> [T]his statute addresses the time in which a filed judgment operates as a lien. Section 1–17–336 does not state that the judgment creditor's rights to execute on the debtor's property expire. Instead, it states that, if there is no execution within a year, the judgment ceases to operate as a lien. This may affect priority, but it does not affect the property available for execution. Wyo. Stat. Ann. § 1–17–301 governs the property available for execution, and it states: "Except for property exempt by law, all property of the judgment debtor, both real and personal or any legal or equitable interest therein including any interest of the judgment debtor in mortgaged property or property being sold under an executory land contract, is subject to execution." As such, even if their lien had expired, the appellees could still execute on the Trails End Ranch.

This Court clearly ruled in *Dev–Tech* that, even though a judgment lien expires after one year and a judgment creditor may lose his priority under § 1–17–336, the property still remains available for execution pursuant to § 1–17–301. Thus, § 1–17–336 did not prevent Mr. Swires from executing against Mr. Cook's Wyoming property.

[¶ 18] Although his argument is not entirely clear, Mr. Cook also seems to assert that the loss of the judgment lien under § 1–17–336 meant that Mr. Swires no longer had a secured interest in the real property and execution against the Wyoming property violated the terms of Mr. Cook's bankruptcy stay and discharge. Mr. Claus filed the foreign judgments in Wyoming in early 2000. Mr. Cook filed for bankruptcy in November 2001, which was more than a year after the foreign judgments were filed. The bankruptcy court determined that Mr. Swires had a secured interest in Mr. Cook's real property pursuant to the assigned foreign judgments. As the district court recognized, there is no indication in the record that Mr. Cook challenged the legitimacy of Mr. Swires' secured claim in the bankruptcy court even though more than one year had passed since the foreign judgments were filed in Wyoming. Consequently, the district court properly gave effect to the bankruptcy court's determination that the debt was secured and concluded that Mr. Cook's property was available for execution.

### 3. Redemption Period

[¶ 19] Mr. Cook argues that the district court erred by granting a sheriff's deed to Mr. Swires because he was entitled to 12 months to redeem the property. Mr. Cook maintains that Wyo. Stat. Ann. §§ 1–18–102 and 103 (LexisNexis 2007) provided him a twelve month redemption period. Section 1–18–102 states, in pertinent part:

> When real property is sold by virtue of an execution, order of sale, decree of foreclosure or foreclosure by advertisement and sale, the sheriff or other officer, instead of executing a deed to the premises sold, shall give to the purchaser of the lands a certificate in writing describing the property purchased and the sum paid therefor, or if purchased by the plaintiff in execution or by the mortgagee, the amount of his bid. The certificate shall state that the purchaser is entitled to a deed for the property at the expiration of the period of redemption, unless the property is redeemed prior to that date as provided by law.

Section 1–18–103 states:

> (a) Except as provided with respect to agricultural real estate, it is lawful for any person, his heirs, executors, administrators, assigns or guarantors whose real property has been sold by virtue of an

·execution, decree of foreclosure, or foreclosure by advertisement and sale within three (3) months from the date of sale, to redeem the real estate by paying to the purchaser, his heirs, executors, administrators or assigns, or to the sheriff or other officer who sold the property, for the benefit of the purchaser, the amount of the purchase price or the amount given or bid if purchased by the execution creditor or by the mortgagee under a mortgage, together with interest at the rate of ten percent (10%) per annum from the date of sale plus the amount of any assessments or taxes and the amount due on any prior lien which the purchaser paid after the purchase, with interest. On payment of this amount the sale and certificate granted are void.

(b) In the case of any mortgage upon one (1) or more parcels of real estate any or all of which were agricultural real estate on the date of execution of the mortgage as stated in the mortgage, the period within which the owner, his heirs, executors, administrators, assigns or guarantors may redeem the premises sold is twelve (12) months from the date of the sale.

(c) The term "agricultural real estate" means any parcel of land in excess of twenty (20) acres lying outside the exterior boundaries of any incorporated city, town or recorded subdivision. If the mortgage recites that the real estate involved is agricultural real estate, it is presumed the parties to the mortgage, their heirs, executors, administrators, assigns, guarantors or successors in interest have agreed to and are bound by all the provisions of law relative to the right of redemption.

[¶ 20] The district court ruled that Mr. Cook was entitled to a three month redemption period under subsection (a) instead of a 12 month redemption period under subsection (b). The court explained that, although the property arguably fell within subsection (c)'s definition of "agricultural real estate," under subsection (b) the 12 month period only applies to mortgaged agricultural property. Because the execution sale in this case involved foreclosure of a judgment rather than a mortgage, subsection (a) applied and

provided only a three month redemption period.

■■■ [¶ 21] "The right to redeem is purely statutory; therefore, redemption may only occur in strict compliance with the statutes that govern it." *Jessen v. Jessen,* 2002 WY 33, ¶ 12, 41 P.3d 543, 546 (Wyo.2002). As we explained earlier in this decision, our goal in interpreting statutes is to effectuate the legislature's intent. We give effect to the clear and unambiguous language of the statute. Rules of statutory construction are applied only if the statutory language is ambiguous or subject to varying interpretations. Statutory interpretation is a question of law we review *de novo. Chevron,* ¶¶ 10, 13, 154 P.3d at 334-35; *Powder River,* ¶ 6, 38 P.3d at 426.

[¶ 22] Subsection (a) states that "[e]xcept as provided with respect to agricultural real estate, it is lawful for any person ... whose real property has been sold by virtue of an execution, decree of foreclosure, or foreclosure by advertisement and sale within three (3) months from the date of sale, to redeem the real estate ..." Thus, the legislature clearly stated in subsection (a) that, with the exception of specific provisions for agricultural property, the redemption period is three months.

■■■ [¶ 23] In delineating the 12 month redemption period in subsection (b), the legislature referenced only mortgaged agricultural property. We have said that "omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them". *Stutzman v. Office of Wyo. State Eng'r,* 2006 WY 30 ¶ 16, 130 P.3d 470, 475 (Wyo.2006). By referring exclusively to mortgaged property, the legislature clearly intended to omit other agricultural property from the reach of subsection (b). We conclude, as did the district court, that, although Mr. Cook's property may fall within the definition of agricultural real estate set out in § 1–18–103(c), the 12 month redemption period in subsection (b) was limited to mortgaged agricultural property. Thus, the district court correctly ruled that the general

three month redemption period in subsection (a) governed in this case.

### 4. Contribution

[¶ 24] Mr. Cook argues that he is entitled to contribution from Mr. and Mrs. Swires as they were also judgment debtors on the assigned Colorado judgments. We are somewhat perplexed by this argument because, as far as we can discern from the record, the district court ruled in Mr. Cook's favor on this issue.

[¶ 25] After Mr. Swires filed his complaint to foreclose on the judgment, Mr. Cook counterclaimed against Mr. Swires and brought a third party complaint against Mrs. Swires, seeking an "offset" because they were equally liable for the Claus debt. Mrs. Swires moved to dismiss Mr. Cook's third party complaint against her. The district court noted that Mr. Cook's counterclaim and third party complaint sought contribution from Mr. and Mrs. Swires. The district court further found that the judgments held Adventure Stone, Mr. Cook, Mr. Swires and Mrs. Swires jointly and severally liable and that, to the extent Mr. Cook was required to pay more than his proportionate share of the judgment, he was entitled to contribution.

[¶ 26] The parties do not direct us to, and we have not located, anything in the record indicating the district court expressly reversed its ruling. In fact, in a supplementary order issued February 11, 2008, the district court directed the parties to its earlier decision on the contribution issue. Thus, under the current status of the record, Mr. Cook is entitled to contribution from Mr. Swires and Mrs. Swires if he has paid more than his proportionate share of the judgment debt.

[¶ 27] Mr. Swires argues on appeal that Mr. Cook does not have standing to assert a claim for contribution and his claim is moot because the contribution claim actually belongs to the bankruptcy estate and his creditors, including Mr. Swires, would benefit from any contribution he received. We believe Mr. Swires' argument is not really a standing or justiciability argument, but rather an argument that Mr. Cook is not the real party in interest. A claim that a party is not the real party in interest is subject to waiver by failing to object in the district court. *See, Shepard v. Beck,* 2007 WY 53, ¶ 10, 154 P.3d 982, 986 (Wyo.2007). Mr. Swires does not direct us to any place where he specifically argued to the district court that Mr. Cook was not the real party in interest on the contribution claim; consequently, he cannot raise that argument on appeal. We will leave to the bankruptcy court the question of whether the bankruptcy estate may be reopened to recover any contribution Mr. Cook receives.

[¶ 28] Dismissed in part and affirmed in part.