# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 45

APRIL TERM, A.D. 2024

April 26, 2025

JUSTIN LEE MASCARO,

**Appellant**
**(Defendant),**

v.

S-23-0232

MACY JUNE MASCARO,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Washakie County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
  Christopher J. King, Apex Legal, P.C., Worland, Wyoming.

*Representing Appellee:*
  Alex H. Sitz III, Meinecke & Sitz, LLC, Cody, Wyoming.

*Before FOX, C.J., and \*KAUTZ, BOOMGAARDEN, GRAY, and FENN JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]   Justin Lee Mascaro appeals the district court's civil contempt order after he and his former spouse cross-moved for orders to show cause, each asserting the other party violated certain provisions in their Stipulated Decree of Divorce (Decree) regarding the division of their property.  The district court found only Mr. Mascaro in civil contempt.  We affirm the district court's decision.

### *ISSUE*

[¶2]   The issue in this case is whether the district court abused its discretion by finding only Mr. Mascaro in civil contempt, subject to a sanction and method of enforcing compliance moving forward.

### *FACTS*

[¶3]   The parties married in 2010.  During their marriage, they had ownership interests in a ranch, comprised of several entities.  Ms. Bryan (formerly known as Ms. Mascaro) worked at that ranch.  The parties reached a stipulated settlement to divide their property, and the district court entered a stipulated Decree on May 26, 2022.  The Decree divided personal property, real property, debts, and accounts in significant detail.  We identify only some of those details as pertinent to this opinion.

[¶4]   The ranch businesses were to transfer to Mr. Mascaro, and Ms. Bryan would remain a ranch employee for six months while training a replacement.  In addition to dividing household and recreational personal property items, the Decree specifically identified certain animals and agricultural products: three horses, proceeds from the sale of some dogs, and a hay crop.  The parties did not identify a brand or any cattle as part of the personal property to be divided.  A catch-all clause in the Decree specified that all "other personal property" was to transfer to Mr. Mascaro.  The parties were to sign any necessary property transfer paperwork within thirty days of the entry of the Decree.

[¶5]   The Decree also required Mr. Mascaro to pay Ms. Bryan a cash settlement of $1.3 million.  He was to make a one-time $700,000 payment within 120 days of the Decree.  The remaining $600,000 was to be amortized on a 15-year schedule, subject to 4% interest per annum, with a final balloon payment due in five years.  The $600,000 was secured by a promissory note and mortgage, with the ranch designated as the collateral.  According to that promissory note, but not stated in the Decree, payments were due on the 26th day of each month, beginning in March 2023. The Decree also required the parties to share a particular "ULifestyle Vacation Plan."

1

[¶6]     After the Decree was entered, a series of disagreements arose, and both parties filed multiple motions for orders to show cause.  Pertinent to this appeal, the district court's contempt order addressing two motions extended the payment deadline for the initial $700,000 by sixty days.  The district court's next contempt order required Mr. Mascaro to pay Ms. Bryan $6,000 for her half of the vacation plan because the third-party plan manager could not accommodate a shared account.  That payment was to be made not later than June 1, 2023.

[¶7]     Additional disputes arose, and each party filed two more motions for orders to show cause.  The district court held a hearing and issued an order addressing all four motions.  The district court found Mr. Mascaro in civil contempt—for failing to timely make the first several installments of the $600,000 settlement payment and the $6,000 vacation plan payment—but did not find Ms. Bryan in civil contempt.  Mr. Mascaro timely appeals that decision.

## *STANDARD OF REVIEW*

[¶8]     We do not interfere with an order holding a party in civil contempt in a domestic relations case "absent a serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion."  *Heimer v. Heimer*, 2021 WY 97, ¶ 17, 494 P.3d 472, 478 (Wyo. 2021) (citing *Breen v. Black*, 2020 WY 94, ¶ 8, 467 P.3d 1023, 1026 (Wyo. 2020)).  To review the district court's exercise of discretion, we evaluate whether the court could reasonably conclude as it did.  *Bennett v. Bennett*, 2024 WY 7, ¶ 5, 541 P.3d 1092, 1094 (citations omitted).

## *DISCUSSION*

[¶9]     Civil contempt requires the moving party to prove three elements: (1) an effective court order that required certain conduct; (2) knowledge of the order; and (3) the alleged contemnor disobeyed the order.  *Shindell v. Shindell*, 2014 WY 51, ¶ 10, 322 P.3d 1270, 1274 (Wyo. 2014) (citations omitted).  The third element requires proof the failure to comply was willful.  *Heimer*, 2021 WY 97, ¶ 15, 494 P.3d at 477 (citations omitted); *Meckem v. Carter*, 2014 WY 52, ¶ 20, 323 P.3d 637, 644 (Wyo. 2014).  If the movant proves these three elements, the burden shifts to the person charged with contempt to show they were unable to comply.  *Fowles v. Fowles*, 2017 WY 112, ¶ 35, 402 P.3d 405, 413 (Wyo. 2017) ("An inability to comply with an order is a defense to contempt.") (citations omitted); *Greer v. Greer*, 2017 WY 35, ¶ 29, 391 P.3d 1127, 1134 (Wyo. 2017) (citations omitted).  Civil contempt must be proven by clear and convincing evidence, which is "evidence that would persuade a finder of fact that the truth of the contention is highly probable."  *Evans v. Sharpe*, 2023 WY 55, ¶ 16, 530 P.3d 298, 305 (Wyo. 2023) (citations omitted).

## I. The District Court Did Not Abuse Its Discretion by Finding Mr. Mascaro in Civil Contempt.

[¶10]  Ms. Bryan asserted Mr. Mascaro violated the Decree and an earlier contempt order by making the vacation and property settlement payments late.  The motion she filed in April 2023 asserted Mr. Mascaro violated Paragraph 4.b of the Decree which required the monthly property settlement payments to begin according to the terms of the parties' promissory note.  The promissory note required payments to be paid by the 26th day of each month, beginning in March 2023.  Ms. Bryan asserted the first two payments were paid late.  In June 2023, she again moved for an order to show cause, asserting Mr. Mascaro violated a prior contempt order by not timely paying the $6,000 for dividing the vacation plan by June 1, 2023.  Both provisions were in valid court orders—the Decree and the district court's second contempt order—and it is undisputed that Mr. Mascaro had notice of both orders.

[¶11]  The dispute centers on the third element—whether Mr. Mascaro's failure to comply was willful, or whether he was unable to comply with those orders.  Testimony and exhibits presented at the show cause hearing established the $6,000 vacation plan payment was paid in mid-June, two weeks after it was due, and the initial property settlement payments were each paid a few days after the due date.  Mr. Mascaro testified that the $6,000 payment was late because he tried to negotiate an offset related to a prior overpayment to Ms. Bryan for her employment at the ranch.  As to the delinquent property settlement payments, Mr. Mascaro asserted he could not timely pay the amounts due because Ms. Bryan would not endorse a $13,862.10 check for the sale of some cattle.  He then testified he nevertheless made the payments, only a few days after their monthly due dates, thus contradicting his "impossibility" argument.  The district court therefore did not abuse its discretion by finding Mr. Mascaro in willful contempt.

## II. The District Court's Method of Enforcement Did Not Modify the Decree.

[¶12]  The district court ordered Mr. Mascaro to pay Ms. Bryan $500 as a sanction for the several past due payments and imposed a $100 late fee for any untimely future payments.  Mr. Mascaro summarily asserts the late fees were an improper modification of the Decree.

[¶13]  Sanctions for civil contempt are intended to coerce and compel compliance with the order that was violated.  *Greer*, 2017 WY 35, ¶ 27, 391 P.3d at 1134 (quoting *Stephens v. Lavitt*, 2010 WY 129, ¶ 15, 239 P.3d 634, 638–39 (Wyo. 2010); *Meckem*, 2014 WY 52, ¶ 19, 323 P.3d at 644 (citing *Swain v. State*, 2009 WY 142, ¶ 13, 220 P.3d 504, 508 (Wyo. 2009)).  A court can require the contemnor to pay compensatory damages to the party that was injured by the noncompliance, based on evidence of actual loss.  *Meckem*, 2014 WY 52, ¶ 25, 323 P.3d at 645 (citations omitted).  The court can also order compliance and then order incarceration if compliance does not occur.  *Id.*  Punitive fines, such as fines paid to

the court instead of the injured party, are improper sanctions for civil contempt. *Id.* at ¶¶ 26–27, 323 P.3d at 645–46 (citations omitted).

[¶14]  The district court indicated the $500 sanction was partial compensation for the "costs associated with" Ms. Bryan's most recent show cause motions.  The court noted late payments could result in more motions for orders to show cause and associated costs for Ms. Bryan, and additional sanctions for Mr. Mascaro.  It thus imposed the prospective $100 late fees as a method to compel Mr. Mascaro's timely compliance moving forward.  Neither the sanction nor the prospective late fees were punitive.  Nor did they modify the property settlement amounts set forth in the Decree.  The first was compensatory and the second never becomes due as long as future payments are made on time.  Mr. Mascaro provides no legal authority to suggest otherwise.  The trial court has continuing jurisdiction in divorce matters to enforce its orders through contempt proceedings, the purpose of which is to obtain the contemnor's compliance.  *Breen*, 2020 WY 94, ¶¶ 8, 16, 467 P.3d at 1026, 1028 (citations omitted).  The district court did not abuse its discretion in enforcing the provisions of the Decree and compelling Mr. Mascaro's future compliance with his payment obligations.

### III.    The District Court Did Not Abuse Its Discretion by Not Finding Ms. Bryan in Contempt.

[¶15]  Mr. Mascaro also asserts the district court erred by not finding Ms. Bryan in civil contempt.  To evaluate Mr. Mascaro's argument, we must determine which provisions of the Decree or court orders he alleged Ms. Bryan violated.

[¶16]  Mr. Mascaro's February 2023 motion for an order to show cause asserted Ms. Bryan signed some brand transfer paperwork, provided an electronic copy of the same, but had not yet provided the original papers.  His motion did not identify which provision(s) of the Decree required that Ms. Bryan provide original papers.  In response, Ms. Bryan admitted the allegations and then concurrently moved under W.R.C.P. 60(b) to reopen the Decree as to the disposition of some cattle.  She asserted the cattle were personal property that were not identified in pretrial disclosures and therefore not divided in the divorce.

[¶17]  Mr. Mascaro's April 2023 motion for an order to show cause asserted Ms. Bryan was withholding certain income from the sale of some cattle.  Again, however, his motion did not identify which provision(s) of the Decree or any other order that Ms. Bryan allegedly violated.  In response, Ms. Bryan admitted to withholding funds, asserting they were for the sale of personal property that should have been divided in the Decree and were the subject of her concurrent Rule 60 motion asking to reopen the Decree.

[¶18]  The arguments and testimony at the contempt hearing offer no additional insight as to which provision(s) of the Decree, or either of the preceding contempt orders, that Mr. Mascaro asserted Ms. Bryan violated.  Testimony at the contempt hearing illustrated there

were two relevant cattle sales—one in May 2022, a few days before entry of the Decree, for $14,411.10, and another in November 2022, for $13,862.90. While the hearing testimony addressed both sales, it also clarified that Mr. Mascaro's contempt motion was limited to the proceeds from the second sale. Ms. Bryan testified that she wanted the proceeds for both sales to be divided equally and she would be willing to keep the second check to achieve that division.

[¶19] In general, the testimony established that the cattle, the uncashed check from the November sale, and the brand were personal, not business, property. Mr. Mascaro testified that he owned the cattle (from both sales) prior to the marriage; they were not the property of the ranch businesses. The payment check from the November sale was issued to both Mr. Mascaro and Ms. Bryan and therefore required the endorsement of each. The brand on the cattle was held in both of their names pending completion and submission of the brand transfer paperwork. Based on this testimony, the district court evaluated Ms. Bryan's compliance with the catch-all provision of Paragraph 8, which transferred "all other personal property" to Mr. Mascaro, and Paragraph 13, which required Ms. Bryan to "sign to transfer all other personal property."

[¶20] To be held in civil contempt for willfully violating a court order, that order must be clear, specific, and unambiguous, so the person knows what is required for compliance. *Breen*, 2020 WY 94, ¶ 11, 467 P.3d at 1027 ("In order to find a willful violation, the order violated must be clear, specific and unambiguous." (citations omitted)); *Greene v. Finn*, 2007 WY 47, ¶ 14, 153 P.3d 945, 951 (Wyo. 2007) (quoting *Crites v. Alston*, 837 P.2d 1061, 1069–70 (Wyo. 1992)). *See Kleinpeter v. Kleinpeter*, 2017 WY 76, ¶ 16, 397 P.3d 189, 194 ("The question here is whether the district court could reasonably conclude that the Divorce Decree was sufficiently clear and specific to find a willful violation by Mother.").

[¶21] Finding nothing in the Decree that specifically and unambiguously addressed the mechanics of the brand transfer, cattle sales, or distribution of past or future proceeds from such sales, the district court declined to hold Ms. Bryan in contempt. It did, however, deny Ms. Bryan's motion to reopen the Decree to divide the cattle proceeds, and so doing afforded Mr. Mascaro some relief by ordering Ms. Bryan to provide him the brand transfer paperwork and to endorse the November sales check. The court did not abuse its discretion by declining to hold Ms. Bryan in civil contempt for tasks not clearly required by the Decree.

### IV. Ms. Bryan Is Not Entitled to Attorneys' Fees on Appeal.

[¶22] Ms. Bryan seeks attorneys' fees through our appellate rules and the Decree. We find neither afford a basis for attorneys' fees in this instance.

5

[¶23] Ms. Bryan first seeks attorneys' fees pursuant to W.R.A.P. 10.05, asserting Mr. Mascaro failed to provide cogent argument or legal authority in his appellate briefing. Rule 10.05 sanctions "are generally not available for challenges to discretionary rulings" unless the appeal lacks cogent argument, legal authority, or adequate cites to the record. *Carbaugh v. Nichols*, 2014 WY 2, ¶ 23, 315 P.3d 1175, 1180 (Wyo. 2014) (citing *Welch v. Welch*, 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo. 2003)). The district court's order of contempt is a discretionary ruling. *Heimer*, 2021 WY 97, ¶ 31, 494 P.3d at 481 (citations omitted). Some parts of Mr. Mascaro's brief lacks appropriate citations to legal authority. However, we cannot conclude his briefing is so devoid of legal authority, argument, or citation to the record that attorneys' fees are warranted as a sanction. *See Shindell*, 2014 WY 51, ¶ 29, 322 P.3d at 1278 ("We agree that Mother's brief is wanting in several respects. Nevertheless, we do not believe it warrants imposition of W.R.A.P. 10.05 sanctions.").

[¶24] Ms. Bryan also requests attorneys' fees pursuant to Paragraph 19 of the Decree which provides: "In the event that either party violates the terms of this *Decree*[,] the violating party shall pay the reasonable attorneys' fees and costs incurred by the other party in enforcing his or her rights hereunder." The district court ordered each party responsible for their own fees, with the exception of the nominal $500 sanction Mr. Mascaro was to pay Ms. Bryan. Ms. Bryan does not appeal that order but instead asks us to award fees for her defense of this appeal. When a contract allows for reasonable attorneys' fees in enforcing its provisions, those fees are recoverable in the appeal and for trial court matters. *Stafford v. JHL, Inc.*, 2008 WY 128, ¶ 19, 194 P.3d 315, 319 (Wyo. 2008) (citations omitted); *Ahearn v. Tri-County Fed. Sav. Bank*, 954 P.2d 1371, 1373 (Wyo. 1998) (citations omitted). Here, the parties cross-moved for contempt and each received some relief. We have considered the relief afforded and align with the district court's decision on appeal. The Decree does not entitle Ms. Bryan to reimbursement of her legal fees under these circumstances.

## *CONCLUSION*

[¶25] We affirm the district court's contempt rulings, and we deny Ms. Bryan's request for attorneys' fees.