# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 49

**APRIL TERM, A.D. 2025**

**April 24, 2025**

DANIEL CHARLES HEMMER,

Appellant
(Plaintiff),

v.

CITY OF CASPER POLICE
DEPARTMENT; OFFICER JACOB
ONDICH; OFFICER MATHEW
LOUGEE; and NATRONA COUNTY
DETENTION CENTER,

Appellees
(Defendants).

S-24-0266

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
    Daniel Charles Hemmer, pro se.

*Representing City of Casper Police Department, Officer Jacob Ondich, and Officer Mathew Lougee:*
    Hampton K. O'Neill and John A. Masterson, Welborn Sullivan Meck & Tooney, P.C., Casper, Wyoming.

*Representing Natrona County Detention Center:*
    J. Mark Stewart, Davis & Cannon, LLP, Cheyenne, Wyoming.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Daniel Charles Hemmer appeals the district court's dismissal of his complaint against the City of Casper Police Department (Casper Police Department), two of its police officers, and the Natrona County Detention Center (NCDC).  Because Mr. Hemmer's pro se brief does not comply with our appellate rules and lacks cogent argument, we summarily affirm.

*ISSUE*

[¶2]   Mr. Hemmer did not provide a statement of the issues, and because we summarily affirm the district court's dismissal of his complaint, we do not attempt to decrypt an issue.

*FACTS*

[¶3]   In May 2023, Casper Police Department Officers Jacob Ondich and Mathew Lougee went to Mr. Hemmer's home, arrested him, and transported him to NCDC.  Mr. Hemmer was subsequently charged with felony theft.  He entered a no-contest plea to the charge on December 13, 2023.

[¶4]   A month later, Mr. Hemmer filed a civil suit against Officer Ondich, Officer Lougee, the Casper Police Department, and NCDC (collectively "Defendants").[1]  In his pro se amended complaint, he alleged that Officers Ondich and Lougee came to his home and knocked on the door.  When his wife answered the door and told the officers Mr. Hemmer was not at home, Officer Lougee asked her if they could come in and confirm that he was not home, and she said, "No."  Then, Mr. Hemmer, who was at home, went to the door.  One of the officers began to question him, and he told them, "[A]ny questions can be directed to legal coun[sel]."  When Mr. Hemmer began closing the door, the officers, without his consent, probable cause, or a warrant, forced their way into his home, placed him in restraints, and dragged him from his home.  They transported him to NCDC, where he was strip searched.[2]  At the preliminary hearing (presumably in Mr. Hemmer's underlying criminal action), Officer Ondich admitted under oath that he did not have probable cause or a warrant to arrest Mr. Hemmer.  He stated he arrested Mr. Hemmer because an individual "said Hemmer did something."  Mr. Hemmer claimed Officer Ondich's and Officer Lougee's actions in arresting him without probable cause or a warrant

---

[1] Mr. Hemmer also named the chief of the Casper Police Department and the former mayor of the City of Casper as defendants.  The district court, with Mr. Hemmer's consent, dismissed these parties.
[2] Mr. Hemmer alleged the strip search constituted third-degree sexual assault.  The district court concluded his allegations, while graphic, amounted to nothing more than a description of a strip search, which Mr. Hemmer admitted at the motions hearing is routine for arrestees entering detention.  Mr. Hemmer does not challenge this conclusion on appeal.

1

constituted kidnapping in violation of Wyo. Stat. Ann. § 6-2-201(b).[3]  He also contended NCDC was "guilty of contributory negligence."  He requested $12 million in damages.

[¶5]    NCDC moved for dismissal under W.R.C.P. 12(b)(6), and Officer Ondich, Officer Lougee, and the Casper Police Department filed a motion for judgment on the pleadings under W.R.C.P. 12(c) or, in the alternative, dismissal under W.R.C.P. 12(b)(6).  After holding a hearing, the district court granted the motions.  The district court dismissed Mr. Hemmer's claim for contributory negligence against NCDC because he did not (1) allege any facts to establish that an officer or employee of NCDC was involved in his arrest or was aware his arrest was allegedly made without probable cause or a warrant, or (2) cite any legal authority to support his contention that a detention officer has a common law or constitutional duty to independently investigate an arrest.  It granted the Casper Police Department's motion to dismiss because Mr. Hemmer's complaint did not state any claim against the Casper Police Department.  The district court determined that Officers Ondich and Lougee were entitled to dismissal on the kidnapping claim because Mr. Hemmer's theory that their actions in arresting him without probable cause or a warrant constituted kidnapping was unsupported by citation to any legal authority.  It further concluded dismissal was appropriate with respect to all Defendants because Mr. Hemmer failed to properly and timely submit a notice of claim under the Wyoming Governmental Claims Act.  Mr. Hemmer timely appealed.

## DISCUSSION

[¶6]    Defendants argue we should summarily affirm the district court's dismissal of Mr. Hemmer's complaint because his brief does not comply with our appellate rules, he did not designate any portion of the record, and he fails to present cogent argument supported by pertinent legal authority.  We agree.

[¶7]    While "[a] *pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys[,]" he must reasonably comply with our appellate rules and provide cogent argument supported by relevant legal authority. *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022) (quoting *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002)). *See also Crittenden v. Crittenden*, 2024 WY 52, ¶ 4, 547 P.3d 977, 978 (Wyo. 2024) (citing W.R.A.P. 1.02 and *Cor v. Sinclair Servs. Co.*, 2017 WY 116, ¶ 4, 402 P.3d 992, 994 (Wyo. 2017)); *McInerney v. Kramer*, 2023 WY 108, ¶ 9, 537 P.3d 1146, 1148 (Wyo. 2023).  When he fails to do so, we have discretion to summarily affirm the district court's decision. *McInerney*, ¶ 9, 537 P.3d at 1148. *See also* W.R.A.P. 1.03(a) ("The failure to comply with any . . . rule of appellate procedure [other

___

[3] Mr. Hemmer also alleged the following claims against Officers Ondich and Lougee: "assault, false imprisonment, excessive force, policy brutality, breaking and entering, assault with injury, derelict[ion] of duty, unlawful conduct of a civil servant, police misconduct, [and] violation of oath of office."  On appeal, he does not challenge the district court's dismissal of these claims.

than the failure to timely file a notice of appeal] does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including . . . refusal to consider the offending party's contentions; . . . dismissal; and affirmance."); *Crittenden*, ¶ 4, 547 P.3d at 978; *In Int. of BFW*, 2017 WY 64, ¶ 5, 395 P.3d 184, 185 (Wyo. 2017).

[¶8]    Mr. Hemmer's pro se brief does not comply with our appellate rules.  The title page does not identify the party filing the brief or the name, address, and telephone number of the attorney or pro se party preparing the brief.  W.R.A.P. 7.01(a)(2)–(3).  His brief does not contain a table of contents, a table of authorities, a statement of jurisdiction, or a statement of the issues presented for review.  W.R.A.P. 7.01(b)–(e).  Mr. Hemmer failed to include in his brief "[a] statement of the case, . . . identifying the nature of the case, setting out the facts relevant to the issues presented for review, describing the relevant procedural history, and identifying the rulings presented for review . . . ."  W.R.A.P. 7.01(f).  His brief does not contain the applicable standard of review or an appendix with the order being appealed.  W.R.A.P. 7.01(g), (k).  Mr. Hemmer did not designate any portion of the record for transmission to this Court as required by W.R.A.P. 3.05(b).[4]

[¶9]    Mr. Hemmer fails to present cogent argument supported by relevant legal authority as to any of the Defendants.  He does not mention NCDC in his brief, other than to say he was detained there after his arrest.  His single reference to the Casper Police Department is that Officer Ondich was employed by the Casper Police Department followed by the conclusory assertion that he "did not fail to state a claim against the 'City Defendants' [because] personal claims were stated and no bar to suit was present or is present[.]"[5]  Mr. Hemmer provides no authority supporting his claim that he is entitled to civil damages because his arrest without probable cause or a warrant constituted kidnapping in violation of Wyo. Stat. Ann. § 6-2-201.[6]

### CONCLUSION

[¶10]    We summarily affirm the district court's dismissal of Mr. Hemmer's complaint.

---

[4] Defendants ensured a record was submitted by filing an appropriate designation of the record on appeal.

[5] Although Mr. Hemmer indicates in his brief that "[t]he police training lacked in such a way" that Officers Ondich and Lougee did not know what constitutes probable cause under Wyoming law, he does not link the lack of training to the Casper Police Department, and he did not raise a lack of training claim in the district court.

[6] Mr. Hemmer cites a Georgia case, *McGuire v. State*, 598 S.E.2d 55, 58 (Ga. Ct. App. 2004), and contends the Georgia appellate court held that "the taking of any person [without a warrant] was conducive to kidnapping."  *McGuire* is inapposite.  *McGuire* addresses a criminal defendant's claim on direct appeal that the trial court improperly instructed the jury on kidnapping.  *McGuire*, 598 S.E.2d at 58; Ga. Code Ann. § 16-5-40 (West 2023).  The court concluded there was no error because the jury was properly instructed.  *McGuire*, 598 S.E.2d at 58.  Mr. Hemmer's attempt to use *McGuire* as authority for his claim is without basis.

3