# THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 70

**APRIL TERM, A.D. 2025**

**June 25, 2025**

SPENCER STEVEN SHARPE,

**Appellant**
**(Defendant),**

v.

**S-24-0318**

AMY ELISE EVANS f/k/a AMY ELISE SHARPE,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Albany County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
　　*Spencer S. Sharpe, pro se.*

*Representing Appellee:*
　　*Christopher J. King, Worland, Wyoming.*

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Spencer Sharpe (Father) appeals from the district court's order denying his motion to hold Amy Evans (Mother) in contempt for willfully withholding his parenting time with their minor children and failing to include him in their children's medical decisions. Finding the district court did not err when it denied Father's motion to hold Mother in contempt, we affirm. We also grant Mother's request for attorney's fees and costs under Rule 10.05(b) of the Wyoming Rules of Appellate Procedure (W.R.A.P.) (LexisNexis 2023).

## ISSUES

[¶2]    The issues in this case are:

      I.   Did the district court err when it denied Father's motion to hold Mother in contempt?

     II.   Should Mother be awarded her costs and attorney's fees in this matter because Father's brief lacks cogent argument and citation to the record?

## FACTS

[¶3]    The parties were divorced in 2018 via a stipulated decree. In that decree, the parties agreed to share legal and physical custody of their two children, ES and JS. However, Mother was given "final decision-making authority" over the children's major life decisions. She was also given discretion to withhold Father's parenting time if she felt he was not properly managing his mental health. In 2021, both parties petitioned to modify custody, and the district court found Mother unreasonably abused her discretion by denying Father visitation for a lengthy period of time. On August 15, 2022, the district court entered its *Order Modifying Custody and Visitation, Order Finding Plaintiff in Contempt of Court, and Order Discharging Counsel* (Modification Order). The Modification Order held Mother in contempt for wrongfully withholding Father's parenting time, set forth provisions to "govern" Mother's future use of her discretion to suspend Father's parenting time, and placed some limits on Mother's final decision-making authority for the children's medical care.

[¶4]    Mother appealed the Modification Order. *Evans v. Sharpe*, 2023 WY 55, 530 P.3d 298 (Wyo. 2023). We upheld the district court's modification of the decree but reversed the contempt order. *Id.* at ¶ 48, 530 P.3d at 313. We found the provision of the decree that gave Mother discretion to suspend Father's parenting time was ambiguous and not clear enough to be enforced through the district court's contempt powers. *Id.* at ¶ 23, 530 P.3d at 306.

1

[¶5]     The facts that bring this case back before the Court began while the first appeal was still pending.  On December 7, 2022, Father and ES had an argument over her use of electronic devices.  This argument became physical.  When Father left to pick JS up from gymnastics, ES contacted Mother and asked to be picked up from Father's home.  Mother arrived at Father's home just as he was getting there with JS.  An altercation ensued between the parties.  The parties called the police.  While law enforcement saw no reason to remove either ES or JS from Father's care, Mother left with ES.  Father returned JS to Mother at the end of his scheduled parenting time the following day.

[¶6]     Under the terms of the Modification Order, if Mother was going to invoke her discretion to suspend Father's parenting time, she was required to send him written notice "as to why his parenting time is being suspended and what she proposes would remedy the situation."  This written notice had to be sent within 48 hours after any parenting time was denied.  On December 9, 2022, Mother sent Father an email saying she was invoking her discretion to halt his parenting time.  She set forth the following proposals to remedy the situation: 1) Father needed to obtain a psychological evaluation from a neutral third party, and he needed to give Mother the name of the doctor so ES could provide "her input on the most recent situation" before the evaluation; 2) Father needed to submit to "observed" drug tests over a "span of time"; and 3) Father needed to participate in family counseling with ES.  This led to both parties filing competing motions for orders to show cause over the next several months.

[¶7]     The district court held a hearing on these motions in March 2023.  The district court found Mother in willful contempt for failing to allow Father to have supervised visits with the children while he attempted to fulfill her proposals for reestablishing shared custody.  However, it did not hold her in contempt for denying his other parenting time because there was no evidence he had submitted to the psychological evaluation.  Neither party appealed this order.

[¶8]     From February to May 2024, the parties filed another round of competing motions for orders to show cause.  Father filed a motion, which he twice amended, claiming Mother was denying his parenting time and interfering with his ability to communicate with the children's medical providers.  Father alleged he had submitted to drug and alcohol testing and completed three psychological evaluations, but Mother still refused to resume the shared custody schedule.  Mother filed two motions alleging Father was interfering with the children's medical care, and he had failed to pay his portion of the children's medical and childcare expenses.

[¶9]     The district court held two hearings on these motions, the first on May 10, 2024, and the second on July 24, 2024.  The district court found Mother was not precluding Father from communicating with the children's medical providers.  The district court further found Mother had not willfully failed to comply with the terms of the governing court

orders, and it declined to hold her in contempt. The district court ordered Father to undergo a new psychological evaluation and give Mother the name of the counselor to allow her to "provide collateral information prior to the completion" of the evaluation. The district court also found Father was in willful contempt for failing to pay his portion of the children's medical expenses. This appeal timely followed.

## STANDARD OF REVIEW

[¶10] "We do not interfere with an order holding a party in civil contempt in a domestic relations case 'absent a serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion." *Mascaro v. Mascaro*, 2024 WY 45, ¶ 8, 547 P.3d 321, 324 (Wyo. 2024) (quoting *Heimer v. Heimer*, 2021 WY 97, ¶ 17, 494 P.3d 472, 478 (Wyo. 2021)). When reviewing "the district court's exercise of discretion, we evaluate whether the court could reasonably conclude as it did." *Id.* (quoting *Bennett v. Bennett*, 2024 WY 7, ¶ 5, 541 P.3d 1092, 1094 (Wyo. 2024)).

## DISCUSSION

### I. *Did the district court err when it denied Father's motion to hold Mother in contempt?*

[¶11] "Civil contempt requires the moving party to prove three elements: (1) an effective court order that required certain conduct; (2) knowledge of the order; and (3) the alleged contemnor disobeyed the order." *Mascaro*, 2024 WY 45, ¶ 9, 547 P.3d at 324 (citing *Shindell v. Shindell*, 2014 WY 51, ¶ 10, 322 P.3d 1270, 1274 (Wyo. 2014)). "The third element requires proof the failure to comply was willful." *Id.* (citing *Heimer*, 2021 WY 97, ¶ 15, 494 P.3d at 477). "Civil contempt must be proven by clear and convincing evidence, which is 'evidence that would persuade a finder of fact that the truth of the contention is highly probable.'" *Id.* (quoting *Evans*, 2023 WY 55, ¶ 16, 530 P.3d at 305).

[¶12] In his brief, Father does not actually challenge the district court's decision declining to hold Mother in contempt. Instead, he "challenges the constitutional validity" of the district court's order "that conditions its consideration of psychological evaluation results on an opposing party's approval in a joint custody arrangement." He also questions the district court's authority to give Mother final decision-making ability over the children's medical decisions. Father framed the issue in this appeal as:

> The district court's delegation of psychological evaluation approval authority to [Mother], conditioning its consideration of mental health evaluation results on the opposing party's participation, violates [Father]'s fundamental rights under *Article* 1, *Sections* 4, 6 and 36 of the *Wyoming Constitution*, which guarantee equal access to courts, due process, and

3

protection of inherent rights. This delegation contravenes the *Americans with Disabilities Act*, and undermines established medical decision-making standards in joint custody arrangements.

Although Father's arguments are somewhat difficult to ascertain, he appears to assert the district court's requirement that he submit to a psychological evaluation that meets Mother's subjective approval violates the Americans with Disabilities Act (ADA) "by failing to incorporate professional standards for evaluating parental functioning that account for recognized neurodevelopmental differences." He also asserts he has a constitutional right to make medical decisions affecting his children's welfare, which the district court violated by giving Mother final decision-making authority for the children's medical care. Finally, he asserts "Mother's documented pattern of using subjective evaluation requirements to prevent visitation . . . provides statutory grounds for custody modification." He argues the district court compounded Mother's "interference by imposing supervised visitation requirements that effectively terminate Father's parental rights without proper justification." Mother argues we cannot address these issues because they either pertain to an order that is not currently before the Court or were not raised below, and the district court never found Mother interfered with Father's custody.

[¶13] We are precluded from considering any of Father's issues. First, Father's constitutional challenge to Mother's medical decision-making authority pertains to the Modification Order, not the order denying his motion to hold Mother in contempt that is presently before this Court. If Father thought the district court's delegation of that authority to Mother violated his constitutional rights, he needed to appeal the Modification Order within 30 days after the entry of that order. *See* W.R.A.P. 2.01(a) (LexisNexis 2023) (requiring a notice of appeal to be filed within 30 days from the entry of an appealable order). Father is now collaterally estopped from challenging the Modification Order because that order "became final and conclusive when [Father] failed to appeal" that decision. *Corrigan v. Vig*, 2020 WY 148, ¶ 5, 477 P.3d 87, 89 (Wyo. 2020) (quoting *Phillips v. Toner*, 2006 WY 59, ¶ 19, 133 P.3d 987, 995 (Wyo. 2006)); *see also Chapman v. State*, 2013 WY 57, ¶ 53, 300 P.3d 864, 874 (Wyo. 2013) (quoting *Cook v. Swires,* 2009 WY 21, ¶ 10, 202 P.3d 397, 400 (Wyo. 2009)) ("[W]hen a party fails to timely appeal an appealable order as defined by W.R.A.P. 1.05, he cannot raise the issues decided in the order in a subsequent appeal.").

[¶14] Second, Father's argument pertaining to the alleged violation of the ADA was not raised before the district court. We generally will not consider an issue raised for the first time on appeal unless it is jurisdictional or "of such a fundamental nature that it must be considered." *Evans*, 2023 WY 55, ¶ 42, 530 P.3d at 312 (quoting *In re VS*, 2018 WY 119, ¶ 25, 429 P.3d 14, 21–22 (Wyo. 2018)). "We follow this rule because 'it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court.'" *Stevens v.*

4

*Governing Body of Town of Saratoga*, 2025 WY 35, ¶ 62, 566 P.3d 166, 180 (Wyo. 2025) (quoting *Crofts v. State ex rel. Dep't. of Game and Fish,* 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016)). The new argument Father raises on appeal is neither jurisdictional nor fundamental, so we decline to consider it for the first time on appeal.

[¶15] Finally, we cannot consider Father's argument regarding grounds for a custody modification. Father filed a motion for an order to show cause, not a petition to modify custody. It is true that "proof of repeated, unreasonable failure by the custodial parent to allow visitation to the other parent in violation of an order may be considered as evidence of a material change of circumstances" in a custody modification proceeding. Wyo. Stat. Ann. § 20-2-204(c) (LexisNexis 2023). However, this was a proceeding to enforce a custody order under Wyoming Statute § 20-2-204(b), not a proceeding to modify a custody order under Wyoming Statute § 20-2-204(c). The district court could not have modified custody absent a petition by either party to do so. *See, e.g., Weiss v. Weiss*, 2009 WY 124, ¶ 13, 217 P.3d 408, 412 (Wyo. 2009) (finding the district court lacked jurisdiction to modify custody in the absence of a petition to modify filed by either parent).

[¶16] In his reply brief, Father raised an entirely new argument. He claimed the order requiring him to obtain a psychological evaluation is void under Rule 60(b)(4) of the Wyoming Rules of Civil Procedure (W.R.C.P.) (LexisNexis 2023) because "it creates a structural impossibility to comply." "An order denying relief under Rule 60(b) is appealable." *Olson v. Schriner*, 2020 WY 36, ¶ 16, 459 P.3d 453, 459 (Wyo. 2020) (citing *Essex Holding, LLC v. Basic Props., Inc.*, 2018 WY 111, ¶ 72, 427 P.3d 708, 728–29 (Wyo. 2018)). However, Father never filed a W.R.P.C. 60(b)(4) motion asking the district court to relieve him of the obligation of obtaining the psychological evaluation—or of having Mother approve the evaluation—prior to filing this appeal. The district court has not had the opportunity to grant or deny that motion. Thus, there is no order denying relief under Rule 60(b) listed in Father's notice of appeal. Therefore, we do not have jurisdiction to address this issue. *See Am. Collection Sys., Inc. v. Judkins*, 2024 WY 66, ¶ 7, 550 P.3d 549, 554 (Wyo. 2024) (quoting *EOG Res. Inc., v. JJLM Land, LLC*, 2022 WY 162, ¶¶ 41–43, 522 P.3d 605, 616–17 (Wyo. 2022)) (holding W.R.A.P. 2.07 only perfects an appeal of orders identified in the notice, and this Court is without jurisdiction to review any orders not identified in the notice of appeal).

[¶17] In addition to the reasons stated above, Father failed to offer any cogent argument or citation to the record to show the district court erred when it denied his motion to hold Mother in contempt. *See Hemmer v. City of Casper Police Dep't*, 2025 WY 49, ¶ 7, 567 P.3d 682, 684 (Wyo. 2025) (quoting *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022)) (holding a pro se litigant must provide cogent argument supported by relevant legal authority). The district court's order is affirmed.

> ## II. *Should Mother be awarded her costs and attorney's fees in this matter because Father's brief lacks cogent argument and citation to the record?*

[¶18] Mother asked this Court to order Father to pay her attorney's fees and costs under W.R.A.P. 10.05(b), which states:

> (b) If the court certifies, whether in the opinion or upon motion, there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than ten thousand dollars ($10,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

A district court's order of contempt is a discretionary ruling. *Mascaro*, 2024 WY 45, ¶ 23, 547 P.3d at 326–27 (citing *Heimer*, 2021 WY 97, ¶ 31, 494 P.3d at 481). "Sanctions are not typically available when an appeal challenges a district court's discretionary ruling. However, we will award sanctions in those rare circumstances where an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record." *Hyatt v. Hyatt*, 2023 WY 129, ¶ 54, 540 P.3d 873, 890 (Wyo. 2023) (quoting *Montoya v. Navarette-Montoya*, 2005 WY 161, ¶ 9, 125 P.3d 265, 269 (Wyo. 2005)). "While 'a *pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys,' he must reasonably comply with our appellate rules and provide cogent argument supported by relevant legal authority." *Hemmer,* 2025 WY 49, ¶ 7, 567 P.3d at 684 (quoting *Anderle*, 2022 WY 161, ¶ 18, 522 P.3d at 154.

[¶19] In this case, Father did not actually challenge the district court's discretionary ruling on a contempt order. He attempted to challenge provisions of the Modification Order that cannot be collaterally attacked through this appeal. Additionally, his brief lacks cogent argument supported by relevant legal authority and citation to the record. While Father may have had reasons to appeal the district court's previous orders, there was no reasonable cause for this appeal. We find this is one of those rare circumstances where sanctions should be awarded. Mother shall submit a statement of attorney fees and costs to this Court for our review. We will determine the proper amount to be awarded after receiving her submission.

## <u>CONCLUSION</u>

[¶20] The district court did not err when it denied Father's motion to hold Mother in contempt. We affirm the district court's order. We grant Mother's request for attorney's fees and costs on appeal under W.R.A.P. 10.05(b), and we will determine the proper amount to be awarded after receiving her submission.

6